IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3167-M

| | |
|---|---|
| BRIAN LEVAR WATSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES EASON, et al., )<br>)<br>Defendants. ) | **ORDER** |

Brian Levar Watson ("Watson" or "plaintiff"), a pretrial detainee proceeding pro se and in forma pauperis, alleges that defendant Eason charged Watson with a crime "under false pretenses" and committed perjury by testifying falsely at both of Watson's trials. Compl. [D.E. 1] 5–6; see [D.E. 2, 8]. On April 27, 2022, the court reviewed Watson's complaint, dismissed the Selma Police Department, and allowed Watson to proceed with his claims against Eason. See [D.E. 16].

Watson has answered the complaint [D.E. 33] and filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) [D.E. 36]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Watson about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 39]. Watson responded in opposition [D.E. 41]. Eason moves for a second extension of the deadlines in the scheduling order [D.E. 42]. As explained below, the court grants the motions in part and dismisses the action.

The court applies the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). See, e.g., Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th

Cir. 2009); Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). The court has considered Eason's motion to dismiss under the governing standard. See Fed. R. Civ. P. 12(b)(6), (c); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). Eason is entitled to absolute immunity for his role as a witness at Watson's trials. See Rehberg v. Paulk, 132 S. Ct. 1497, 1499 (2012); Briscoe v. LaHue, 460 U.S. 325, 328 (1983). And Watson's conclusory allegation that Eason initiated criminal charges "under false pretenses" is nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); cf. Humbert v. Mayor of Balt. City, 866 F.3d 546, 555–57 (4th Cir. 2017). Accordingly, the court grants Eason's motion to dismiss, and denies as moot Eason's motion for a second extension of the deadlines in the scheduling order.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 36] and DENIES AS MOOT defendant's motion for a second extension of the deadlines in the scheduling order [D.E. 42]. The clerk shall close the case.

SO ORDERED this 20th day of June, 2023.

/s/ Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge